IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JEFFREY A. TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-01373-SLD |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Jeffrey A. Terrell alleges that the Social Security Administration wrongly terminated his benefits in 1989. Compl. 5–7, ECF No. 1. He claims that his disabling condition persists, and that subsequent applications for disability benefits have been denied or ignored. *Id.* He requests $350,000 in punitive and compensatory damages. Before the Court is the Defendant Commissioner of Social Security's ("Government's") Motion to Dismiss For Failure to State a Claim, ECF No. 12. Terrell did not respond to the Motion. For the reasons set forth below, the Motion is granted and Terrell's Complaint is dismissed. If Terrell does not file an amended complaint by August 28, 2014, his case will be closed.

**DISCUSSION**

Terrell alleges that his childhood Social Security benefits were terminated in 1989, and that he has "been reapplying to be reapproved" to receive benefits, but that the "Peoria County Social Sercurity [sic] Administration Office" has been denying his request. Compl. 6. He states that he has written "them letters alot [sic] about this matter and [he] can't even get a response

1

back." Compl. 6–7. According to Terrell, he still suffers from the disabling condition for which he received benefits in the 1980s. Compl. 5–6.

The Government argues that these allegations are insufficient to state a claim, and the Court agrees. To the extent Terrell asks this Court to review the Social Security Administration's adverse determinations about his benefits, he has not established that the Court has authority to do so. To the extent that Terrell wishes to claim any other redressable wrongs, they are not apparent from the face of his complaint.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court is "required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) (internal quotation marks omitted) (collecting cases). Here, Terrell's only apparent claims are for wrongful (1) termination of his Social Security benefits and (2) denial of subsequent applications for benefits. These claims must be dismissed because Terrell has not alleged that he exhausted his administrative remedies, or a basis for finding that his failure to exhaust should be excused.

I. **Legal Framework**

Federal district courts are limited in their ability to review the Social Security Administration's denial or termination of benefits. By statute—42 U.S.C.§ 405(g)—a plaintiff must receive a "final decision" from the Commissioner of Social Security before seeking judicial

2

review of his claim. In order to obtain such a final decision, the plaintiff must first exhaust his administrative remedies by proceeding through the administrative review process.[1] *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986). Further, the "final decision" requirement consists of two elements. *Id.* at 482–83. The first is both nonwaivable and jurisdictional: a claim for benefits must be presented to the agency. *Id.* at 483. Second, a claimant must exhaust the administrative remedies prescribed by the agency; this requirement may be waived by the agency or a court. *Id.* A court's waiver of the exhaustion requirement is appropriate only where (1) the claimant's attack is collateral to his substantive claim for benefits, and (2) his interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate. *Johnson v. Sullivan*, 922 F.2d 346, 352–53 (7th Cir. 1990).

A claimant must seek judicial review of the Commissioner's final decision within sixty days. 42 U.S.C. § 405(g). The sixty-day limit is non-jurisdictional and waivable, like a statute of limitations. *Johnson*, 922 F.2d at 355.

## II.   Analysis

Here, Terrell does not allege that he exhausted his administrative remedies, or any grounds for the Court to find that it would be appropriate to waive the requirement that he do so. Terrell filed his suit twenty-four years after the only date he supplies, 1989, placing the decision to terminate his benefits well outside the reach of this Court's review (absent a truly extraordinary basis for equitable tolling). He does not identify when he made his subsequent applications for benefits, or when he received notice that those applications were denied. In short, Terrell's Complaint alleges too little, too late.

---

[1] It is unnecessary to describe the relevant administrative review processes here, but the Government provides a detailed overview in its Motion. Mot. Dismiss 3–4.

## CONCLUSION

The Government's Motion to Dismiss, ECF No. 12, is GRANTED, and Terrell's Complaint, ECF No. 1, is DISMISSED. The Court allows Terrell until August 28, 2014, to file an amended complaint, without which his case will be closed.

Entered this 13th day of August, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
